UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA TRUST,<br><br>        Plaintiff,<br><br>vs.<br><br>K&P HOMES et al.,<br><br>        Defendants. | 2:15-cv-01534-RCJ-VCF<br><br>**ORDER** |

      This case arises out of a homeowners' association foreclosure sale. The Court recently granted a motion to dismiss the Counterclaim and denied a countermotion for offensive summary judgment on the Counterclaim. Pending before the Court is Defendant's Motion to Reconsider (ECF No. 23). For the reasons given herein, the Court denies the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

      On or about July 25, 2007, Rita Wiegand purchased real property located at 7461 Glimmering Sun Avenue, Las Vegas, Nevada, 89178 (the "Property"), giving lender Universal American Mortgage Co., LLC ("UAMC") a promissory note for $284,200 (the "Note"), secured by a deed of trust (the "DOT") against the Property. (Compl. ¶¶ 5, 9–10, ECF No. 1). On January 30, 2014, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f.k.a. Countrywide Home Loans Servicing, LP ("BOA"), assigned the Note and DOT to

Plaintiff Christina Trust. (*Id.* ¶ 13; Assignment, ECF No. 1-1, at 29).[1]  After recording a Notice of Delinquent Assessment Lien (the "NDAL"), a Notice of Default and Election to Sell ("the "NOD"), and a Notice of Foreclosure Sale (the "NOS"), the Tuscalante Homeowners Association (the "HOA"), through its agent Nevada Association Services, Inc. ("NAS"), sold the Property at auction to Defendant K&P Homes ("K&P") for $40,000 on May 31, 2013. (Compl. ¶¶ 6, 11–12, 14–17).  None of the pre-sale notices identified what portion of the HOA lien was for superpriority versus subpriority amounts, such as late fees, collection costs, interest, fines, etc., or provided any notice of a right to cure. (*Id.* ¶¶ 19–22).  Furthermore, the HOA and NAS did not comply with notice requirements under Chapter 116 of the Nevada Revised Statutes ("NRS"). (*Id.* ¶ 26).

    Plaintiff sued Wiegand and K&P in this Court for unjust enrichment and to quiet title to the Property, i.e., for a declaration that the DOT still encumbers the Property because the HOA sale was not in accordance with Chapter 116, did not provide an opportunity to cure the default, was commercially unreasonable, and did not comport with due process.[2]  K&P answered and filed a Counterclaim to quiet title to the Property, i.e., for a declaration that K&P is the title owner of the Property, that its deed is valid and enforceable, that the HOA sale extinguished Plaintiff's DOT, and that K&P's title is superior to any adverse interest in the Property.  K&P also filed a Third-Party Complaint against Wiegand for the same declarations.  Wiegand does not

---

[1] The Complaint contains no allegation of any assignment from UAMC to BOA, and neither the Assignment attached as Exhibit 3 or any other attachment indicates any such transfer.  Plaintiff has sufficiently alleged beneficial ownership of the Note and DOT (reading the allegation that Plaintiff is the beneficiary of the DOT favorably to Plaintiff to imply that she is also the beneficiary of the Note), (*see* Compl. ¶ 5), but without further proof of the chain of assignment, the Complaint could probably not survive a summary judgment motion as to Plaintiff's standing.

[2] The claim for a preliminary injunction is not a separate cause of action, and no motion for a preliminary injunction has been filed.

appear to have been served with any pleading.  Plaintiff moved to dismiss the Counterclaim. K&P moved for offensive summary judgment on the Counterclaim.  The Court granted the motion to dismiss and denied the motion for summary judgment.  Defendant has asked the Court to reconsider.

## II.     DISCUSSION

The Court dismissed the Counterclaim under *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971) (recognizing limitations on the retroactive application of judicial rulings as a matter of common law equity), *abrogated in part by Harper v. Va. Dep't of Taxation*, 509 U.S. 86 (1993) (holding that when the Supreme Court interprets federal laws, inferior courts should as a default apply that interpretation retroactively).  The Court ruled that in the present case, the *Huson* factors weighed against the retroactive application of *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014).  The Court noted that *Huson* was a federal common law rule, but that the Nevada Supreme Court had adopted it, so there was no *Erie* problem with its application, and the Court did not need to address the federal due process issue beyond the scope of *Huson*. *See Breithaupt v. USAA Prop. & Cas. Ins. Co.*, 867 P.2d 402, 405 (Nev. 1994).  This Court in *US Bank, N.A. v. SFR Invs. Pool 1, LLC* had resolved the motions before it on different grounds and therefore did not address the issue closely but assumed the Nevada Supreme Court would apply its ruling retroactively.  A closer look, however, showed both that *SFR Investments Pool 1* was silent on retroactivity and that the Nevada Supreme Court approved the *Huson* rule as a general matter.  The Court ruled that *SFR Investments Pool 1* did not apply retroactively under the *Huson* rule, as approved in *Breithaupt*.  The Court noted that Defendant had failed to argue under the *Huson*/*Breithaupt* factors but essentially proposed a rule that would necessarily favor

retroactive application where the statute being interpreted predated a court's interpretation of it, which rule would obviate any retroactivity analysis.

Defendant has asked the Court to reconsider. Defendant argues that the *SFR Investments Pool 1* Court was presented with arguments against retroactivity and rejected them by applying the rule in that case (and later in other cases) where the HOA foreclosure predated that opinion. The opinion did not address retroactivity, however, under either the *Huson/Breithaupt* line of cases or otherwise, and arguments under that line of cases were made only in amici briefs, not in the opening or answering briefs, which means the issue was waived by both sides, and the Court had discretion whether to address it *sua sponte*. *See Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 n.3 (Nev. 2011) (citing Nev. R. App. Proc. 28(a)(8) (2009)). The Court's silence on the issue indicates that it did not exercise that discretion. Whatever the reasons, the issue was not litigated. The Court expresses no opinion as to whether it would certify the issue if asked.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 23) is DENIED.

IT IS SO ORDERED.

Dated this 3rd day of December, 2015.

_____
ROBERT C. JONES
United States District Judge