UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| CHRISTIANA TRUST, ) ) Plaintiff, ) ) vs. ) ) K&P HOMES et al., ) ) Defendants. ) | 2:15-cv-01534-GMN-VCF<br><br>**ORDER** |

This case arises out of a homeowners' association foreclosure sale. Pending before the Court is a Motion to Certify Question of Law to the Supreme Court of Nevada (ECF No. 26). For the reasons given herein, the Court grants the motion.

**I.   FACTS AND PROCEDURAL HISTORY**

On or about July 25, 2007, Rita Wiegand purchased real property located at 7461 Glimmering Sun Avenue, Las Vegas, Nevada, 89178 (the "Property"), giving lender Universal American Mortgage Co., LLC ("UAMC") a promissory note for $284,200 (the "Note"), secured by a deed of trust (the "DOT") against the Property. (Compl. ¶¶ 5, 9–10, ECF No. 1). On January 30, 2014, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f.k.a. Countrywide Home Loans Servicing, LP ("BOA"), assigned the Note and DOT to Plaintiff Christina Trust. (*Id.* ¶ 13; Assignment, ECF No. 1-1, at 29). After recording a Notice of

Delinquent Assessment Lien (the "NDAL"), a Notice of Default and Election to Sell ("the "NOD"), and a Notice of Foreclosure Sale (the "NOS"), the Tuscalante Homeowners Association (the "HOA"), through its agent Nevada Association Services, Inc. ("NAS"), sold the Property at auction to Defendant K&P Homes ("K&P") for $40,000 on May 31, 2013. (Compl. ¶¶ 6, 11–12, 14–17). None of the pre-sale notices identified what portion of the HOA lien was for superpriority versus subpriority amounts, such as late fees, collection costs, interest, fines, etc., or provided any notice of a right to cure. (*Id.* ¶¶ 19–22). Furthermore, the HOA and NAS did not comply with notice requirements under Chapter 116 of the Nevada Revised Statutes ("NRS"). (*Id.* ¶ 26).

Plaintiff sued Wiegand and K&P in this Court for unjust enrichment and to quiet title to the Property, i.e., for a declaration that the DOT still encumbers the Property because the HOA sale was not in accordance with Chapter 116, did not provide an opportunity to cure the default, was commercially unreasonable, and did not comport with due process. K&P answered and filed a Counterclaim to quiet title to the Property, i.e., for a declaration that K&P is the title owner of the Property, that its deed is valid and enforceable, that the HOA sale extinguished Plaintiff's DOT, and that K&P's title is superior to any adverse interest in the Property. K&P also filed a Third-Party Complaint against Wiegand for the same declarations. Wiegand does not appear to have been served with any pleading. Plaintiff moved to dismiss the Counterclaim, and K&P moved for offensive summary judgment on the Counterclaim. The Court granted the motion to dismiss and denied the motion for summary judgment, anticipating that *SFR Invs. Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) did not apply retroactively under *Breithaupt v. USAA Prop. & Cas. Ins. Co.*, 867 P.2d 402 (Nev. 1994). The Court declined to reconsider. K&P has now asked the Court to certify the retroactivity question to the Nevada Supreme Court.

## II. LEGAL STANDARDS

The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.

Nev. R. App. P. 5(a). In order to be "determinative of the cause," the answer the Nevada Supreme Court is asked to answer must be dispositive of at least part of the federal case. *Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1164 (Nev. 2006).

## III. ANALYSIS

First, the retroactivity of *SFR Invs. Pool I, LLC* under *Breithaupt* is a question of state law. Plaintiff argues that the Court ruled purely under federal law, i.e., *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), but that is not correct. The Court ruled according to the standards outlined in *Huson* (which provides a federal rule of common law as to the retroactivity of federal rulings as to federal law) but only because the Nevada Supreme Court in *Breithaupt* had relied on *Huson* when declining to apply a state law retroactively.

Second, the retroactivity of *SFR Investments Pool I, LLC* is at least partially dispositive to the present case. If that case is not retroactive, K&P cannot prevail on its Counterclaim for a declaration that the HOA sale extinguished the DOT, because the HOA sale in this case occurred on May 31, 2013, but *SFR Investments Pool I, LLC* was not decided until September 18, 2014. If the case is retroactive, K&P will prevail as to that question. The Court has ruled that the due process defense fails (at least at the pleading stage) as against the Counterclaim, because sufficient notice has been pleaded. The Court did not address the Takings Clause in this case, but the Court has in other cases rejected arguments against NRS 116.3116 under the Takings

Clause, and it rejects the argument here. Finally, the Court deferred judgment on a substantive due process argument, but the likelihood of success on a substantive due process argument is low. There is therefore a very great chance that success on the retroactivity issue will mean success for K&P on its Counterclaim.

Third, there is no controlling precedent as to the retroactivity of *SFR Investments Pool I, LLC*.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Certify Question of Law to the Supreme Court of Nevada (ECF No. 26) is GRANTED.

IT IS FURTHER ORDERED that the following question of law is CERTIFIED to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> **Does the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS 116.3116 extinguish first security interests apply retroactively to foreclosures occurring prior to the date of that decision?**

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are provided herein. *See* Nev. R. App. P. 5(c)(2)–(3). K&P Homes is designated as the Appellant, and Christiana Trust is designated as the Respondent. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

**Dana Jonathon Nitz and Natalie C. Lehman**, attorneys for Plaintiff/Respondent
Wright, Finlay & Zak, LLP
7785 W. Sahara Ave., Suite 200
Las Vegas, NV  89117
Phone: 702-475-7964; Fax: 702-946-1345
Email: dnitz@wrightlegal.net; nlehman@wrightlegal.net

**John Henry Wright**, attorney for Defendant/Appellant
The Wright Law Group, P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, NV  89102

Phone: 702-405-0001; Fax: 702-405-8454
Email: dayana@wrightlawgroupnv.com

*See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included herein. *See* Nev. R. App. P. 5(c)(6).

IT IS FURTHER ORDERED that the Clerk shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

IT IS SO ORDERED.

DATED: This 8th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge