☑ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 2 2 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIANA TRUST, | |
| Plaintiff, | 2:15-cv-01534-RCJ-VCF |
| vs. | |
| K&P HOMES et al., | ORDER |
| Defendants. | |

This case arises out of a homeowners' association foreclosure sale. In 2007, Rita Wiegand purchased real property in Las Vegas, Nevada, giving the lender a promissory note for $284,200 secured by a deed of trust ("the DOT"). In 2013, the Tuscalante Homeowners Association ("the HOA") sold the property at auction to K&P Homes ("K&P") for $40,000. In 2014, Bank of America assigned the note and DOT to Christiana Trust. Christiana Trust sued Wiegand and K&P in this Court for unjust enrichment and to quiet title, i.e., for a declaration that the DOT still encumbers the property because (among other reasons) the sale did not comport with due process. K&P filed a Counterclaim to quiet title and filed a Third-Party Complaint against Wiegand. The Court granted Christiana Trust's motion to dismiss the Counterclaim, anticipating that *SFR Invs. Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) did not apply retroactively.

K&P asked the Court to certify the retroactivity question to the Nevada Supreme Court. The Court granted the motion, because the issue was potentially dispositive of the quiet title claim. In 2017, the Nevada Supreme Court ruled that *SFR Invs. Pool I* applies retroactively. However, in the meantime, the Court of Appeals decided *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) (holding that the notice scheme under Chapter 116 is facially unconstitutional under the Due Process Clause of the Fourteenth Amendment). The Court had previously rejected the due process argument, but *Bourne Valley* requires the Court to reconsider and quiet title in favor of Plaintiff. *See Bank of N.Y. Mellon v. Ravenstar Invs., LLC*, No. 3:17-cv-116, 2017 WL 2588088, at *3–4 (D. Nev. June 14, 2017) (Jones, J.). The parties did not alert the Court to the potential mootness of the retroactivity issue upon the issuance of *Bourne Valley*. The Court has noticed the issue, however, now that the parties have notified the Court of the issuance of the Nevada Supreme Court's opinion answering the certified question.

## CONCLUSION

IT IS HEREBY ORDERED that K&P Homes shall have twenty-one (21) days to show cause why title should not be quieted in Christiana Trust's favor. A response and reply shall be due in accordance with Local Rule 7-2(e).

IT IS SO ORDERED.

Dated this ~~16th~~ 22nd day of August, 2017.

ROBERT C. JONES
United States District Judge